IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CV67-GCM

| | |
|---|---|
| MECKLENBURG COUNTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )   ORDER |
| | ) |
| VINCENT E. LINEBERGER and spouse, | ) |
| ELIZABETH LINEBERGER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court upon the Plaintiff Mecklenburg County's Motion to Remand. The *pro se* Defendant Elizabeth Lineberger has filed a response in opposition. The Plaintiff has not filed a Reply and the time for doing so has expired. Accordingly, this matter is ripe for disposition.

**FACTUAL BACKGROUND**

On June 9, 2016, the Defendant Elizabeth Cole filed a voluntary Petition under Chapter 13 of Title 11 of the U.S. Code in the Bankruptcy Court for the Western District of North Carolina, (*In re Elizabeth Cole*, Case No. 16-30960]. The Defendant Vincent E. Lineberger is not a Co- debtor in the Bankruptcy case.

This case is a property tax foreclosure action filed in Mecklenburg County District Court involving property located at 2728 Marney Avenue, Charlotte North Carolina (the "Property"). At the time the Cole Petition was filed, the property was owned by Vincent Lineberger and was listed on the County Tax records in his name. The Notice of Bankruptcy lists the Debtor as Elizabeth Cole and makes no reference to her spouse, Vincent Lineberger, or to the Marney Avenue Property. A quit claim deed was recorded on the Mecklenburg County Public Registry

1

on September 22, 2016 at Book 31189, Page 601 creating a tenancy-by-the- entireties between the Debtor Cole and her spouse, Lineberger.

The County filed the tax foreclosure action on November 18, 2016, *Mecklenburg County v. Vincent E. Lineberger, and spouse Elizabeth Lineberger, et. al.*, (No. 16-CVD-20919), based on a valid lien for unpaid ad valorem property taxes in the amount of $16,109.43. The property was sold on March 28, 2017 for $35,000. On March 31, 2017, upset bids of $45,000 and $47,250 were filed.

On April 4, 2017, Counsel for the County was advised by Vincent Lineberger that the property was subject to the Bankruptcy Court's jurisdiction based on his marriage to the Debtor. The County filed a Motion to Set Aside the Sale and an Order Setting Aside the Sale was entered on April 7, 2017. The County moved the Bankruptcy Court pursuant to 11 U.S.C. §362 to order relief from the automatic stay to permit the County to proceed with the pending tax foreclosure action. On June 30, 2017, the Bankruptcy Court entered an Order Granting Relief from Automatic Stay to Proceed with Tax Foreclosure Sale of Property (*In re Elizabeth Cole*, Case No. 16-30960, Doc. No. 136), which authorized the County to proceed with the tax foreclosure sale of the property. The sale was conducted on February 13, 2018 with a high bid received. No confirmation of sale has taken place due to the filing of the Notice of Removal.

The Debtor Cole filed a Notice of Appeal with the District Court on November 13, 2017, seeking to appeal the Order Granting Relief From Automatic Stay entered on June 30, 2017. [Case No. 3:17-cv-00661, Doc. No. 1]. The Bankruptcy Court entered an order on December 5, 2017 denying the Motion for Leave to Appeal *In Forma Pauperis*, finding that the appeal was not taken in good faith. [Doc. No. 173, Case. No. 16-30960]. On January 11, 2018, this Court

entered an Order dismissing the appeal without prejudice for failure to pay the required filing fee. [Doc. No. 186, Case. No. 16-30960]. The Notice of Removal was filed on February 7, 2018.

**DISCUSSION**

The issues in the case have already been adjudicated by the Bankruptcy Court. The County moved the Bankruptcy Court pursuant to 11 U.S.C. §362 to order relief from the automatic stay to permit the County to proceed with the pending tax foreclosure action. On June 30, 2017, the Bankruptcy Court entered an Order Granting Relief from Automatic Stay to Proceed with Tax Foreclosure Sale of Property, which authorized the County to proceed with the tax foreclosure sale. There are no issues to be decided in the removed case, except confirmation of the sale. The Bankruptcy Court has already determined that the sale should proceed under the supervision of the State Court, with any excess proceed to be paid to the Trustee.

IT IS THEREFORE ORDERED that the Plaintiff's Motion to Remand is hereby GRANTED, and this case is remanded to Mecklenburg County District Court.

Signed: April 18, 2018

Graham C. Mullen
United States District Judge

3